## Oscar W. Brecher, Adm., etc., v. Joseph C. Ehlen.

1. PERSONAL INJURIES—*Sufficiency of Proof.*—The fact that a scaffold was in a wholly defective condition for use does not make out a case for a person injured by its fall without proof connecting the defendant with its ownership, control, or responsibility for its use.

2. SAME—*What is Insufficient Evidence of Ownership.*—The fact that some time after an injury, resulting from the fall of a scaffold, a police sergeant delivered the scaffold in a broken condition to a man who came for it in a wagon on which the name and address of the defendant were painted, is not sufficient.

Trespass on the Case.—Death from negligence. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901. Rehearing denied.

DENEEN & HAMILL, attorneys for appellant.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellant's intestate was precipitated to the ground and killed, by the breaking in two of a suspended scaffold on which he went to work, painting the outside of a building. At the conclusion of the evidence in behalf of appellant, in the suit brought against appellee to recover damages, the court instructed the jury to return a verdict of not guilty, and this appeal has followed from the judgment entered accordingly. After a diligent search we have failed to find any evidence that shows or tends to show, either directly or by legitimate inference, whose ladder or scaffold it was that broke, or who directed or was responsible for its use by the deceased. The point is made by appellee, and no reply has been made by appellant, nor is there in the statement of the case, in appellant's brief, anything which might lead us to the existence of evidence we have mentioned as lacking. That the scaffold was in a wholly defective condition for use seems to be pretty clearly established, but that does not make a case against appellee.

The only evidence that tends to connect appellee with the ownership or control of the scaffold, or responsibility for its use, is the testimony of a sergeant of police that, some time after the injury, he delivered the broken scaffold to a man who came for it in a wagon on which appellee's name and address were painted. But that was, manifestly, not enough, alone, to charge the appellee. The declaration charged that it was the duty of appellee to furnish the deceased with a scaffold that was reasonably safe and secure, and sufficiently strong and well constructed, etc., and alleged neglect in such respect, in that appellee furnished and directed the use of the defective and unsound ladder that broke. There was a total failure to prove the declaration, except in so far as the defective and unsound condition of the ladder is concerned.

The ladder had been swung a week or more before the deceased attempted to use it, but by whom or by whose authority does not appear. *Non constat* it was furnished by the

owner of the building, or even by deceased himself. The case is one of lamentable negligence by somebody, but by whom needs proof as well as allegation. The judgment must be affirmed.